Common Pleas Court of Wood County.

GEORGE G. METZGER v. LEWIS ZEISSLER ET AL.

Decided, January 15, 1912.

*Procedure—Steps Required for Setting Aside a Judgment During Term —Inherent and Plenary Power of the Court With Its Limitations —How this Power May Be Invoked—Nature of the Showing to be Made at Preliminary Hearing—Summary of Procedure—Action by the Court Sua Sponte—Application of Rules Laid Down—Bond Required for Payment of Original Judgment or any Modification Thereof—Cognovit Notes and Rights of Sureties—Judicial Discretion—Sections 8296 and 11631 et seq.*

1. For the vacation of a judgment at the term of its rendition the defendant should file a motion setting forth one or more of the grounds specified in Section 11631, or any other grounds he may deem sufficient, and give the plaintiff reasonable notice in writing of such filing and of the time and place of the hearing demanded.

2. The defendant at the preliminary hearing should present, by affidavit or orally or by both methods, his evidence in support of the motion to vacate, and this evidence the plaintiff may controvert by affidavit or orally.

3. At the same time the defendant should proffer a verified answer to the petition, setting forth affirmatively facts showing non-liability in whole or in part. If the answer does not state facts which, if established, would constitute a defense to the claim, the proceeding will be treated as at an end and the judgment will not be disturbed; but if a good defense is stated, and the court upon hearing finds sufficient grounds for vacating the judgment, an order will be entered setting forth the grounds so found and suspending the judgment, and providing for making up the issues in the usual manner, and if necessary an injunction will be granted as provided for in Section 11638.

4. After the issues have been made up the cause stands for trial to a jury or to the court in the regular way and as though no judgment had been previously rendered. If the trial results in a verdict or finding for the defendant, which withstands a motion for a new trial if one is filed, the original judgment will then be vacated and a judgment entered confirming the verdict or finding; but if the verdict or finding is for the plaintiff and for the same amount originally found due, that judgment will stand and a

proper order will be entered confirming it, or if a different amount be found due an entry will be made modifying the original judgment accordingly.

5. In the case under consideration it is held the claim that judgment was taken for more than was due is not competent at a preliminary hearing, but by an irregularity in the confession of judgment on the note in suit the accommodation makers were not accorded their right to be certified as surety in the judgment on the note, which authorizes the court in the exercise of its discretion to permit the judgment to be opened up.

*Benj. F. James* and *Earl D. Bloom,* for plaintiff.

BALDWIN, J.

At the September term, 1911, of this court, to-wit, on December 4th, a judgment for $2,130 and costs was entered in favor of the plaintiff and against the defendants, Samuel J. Herringshaw, Mrs. J. Y. Herringshaw and Lewis Zeissler. At the same term, on December 13th, the defendants filed their motion to vacate the judgment, the specific ground set forth in the motion being "that the judgment was for more than was due the plaintiff, and that the defendants were not summoned or otherwise legally notified of the time and place of taking such judgment," thus covering the statutory ground provided in the ninth subdivision of Section 11631, General Code. On the last day of the term the motion was heard and at the conclusion of the hearing the matter was continued to the present time for consideration and decision.

On the hearing, it developed that the defendants' counsel being in doubt as to the proper course of procedure, and as a precautionary measure, had also filed a petition for the same purpose and caused summons to issue thereon. This latter action was no doubt prompted by the requirement of Section 11635, General Code, which provides that the proceeding to vacate on the ground mentioned in subdivision nine shall be by petition duly verified.

The defendants on the hearing also submitted affidavits, not only relating to the ground alleged for vacating the judgment, but also relating to their defense to the note, and setting forth facts proper to be considered in a trial on the merits.

The presentation of the case was thus attended with some con-
fusion, growing out of the uncertainty and undefined course of
procedure in actions of this kind.   The case in this respect does
not stand alone.   An inspection of the reported decisions dis-
closes that efforts to vacate judgments at the same term, have
been pursued variously and indiscriminately along one or more
or all of these different lines of procedure, viz.: under General
Code, Chapter 5 of Division 3, providing for new trials; under
General Code, Chapter 6 of Division 4, providing for "other re-
lief after judgment"; and by invoking the inherent power of the
court to vacate or modify its own judgments during the term at
which the judgment was rendered, which is a common law crea-
tion.

It is desirable that the practice in matters of such importance
should be defined, and have some uniformity and certainty.   To
this end I will endeavor to prescribe what is deemed the proper
procedure and apply it in this case, in the hope that it may also
afford a fixed rule of practice in similar cases or provoke some
reviewing court to promulgate something better.

I am aware that the same subject has been considered by other
courts, notably by Judge Washburn, in *Burrell* v. *Insurance Co.*,
3 N.P. (N.S.), 321, and by the circuit court of this circuit, Judge
Haynes delivering the opinion, in *Smead Foundry Co.* v. *Ches-
brough*, 18 C. C., 783.   While the same ideas underlying this
opinion were touched upon in those cases, they were not formu-
lated into tangible practicable rules.   To do this is the present
purpose.

Taking up the three methods of procedure hereinbefore re-
ferred to in their order:

Division 3, Chapter 5, prescribes the method of obtaining a
new trial.   The heading of this division is "Trial," and the
word is defined in Section 11376.   "A trial is a judicial exami-
nation of the issues, whether of law or of fact, in an action of pro-
ceeding."   The entire division relates to proceedings in contested
matters, where issues of law or fact, or both, are raised and liti-
gated, and prescribes the conduct of a cause from the commence-
ment of the trial until its termination by verdict of a jury or

decision by the court. It takes the litigated case to the point where it is ready for a judgment, but makes no provision for a judgment, nor for the vacation of any judgment. Chapter 5, Sections 11575 to 11581 of this division, provide a remedy by means of a new trial after verdict or decision and before judgment. This chapter with the exception of Section 11580 which is adopted in the chapter relating to relief after judgment, has no application and can not be resorted to in a proceeding to vacate a judgment.

The next code provision on the subject is found in Chapter 6 of Division 4. The heading of this division is "Judgment," and therein is prescribed the manner of giving and entering judgment. Chapter 6 under the title, "Other relief after judgment," among other provisions prescribes clearly and definitely the procedure to be followed to vacate a judgment *after the term at which it is rendered.* It needs no elucidation in its application to proceedings after the term. And the chapter requires no consideration except in so far as some of its provisions may be applicable to proceedings to vacate a judgment at the same term of its rendition, and this question will be treated in the discussion of the method to be pursued in the last named proceeding. We have noticed all the code provisions especially providing for the vacation of judgments, and find that no procedure is provided by the code for vacating a judgment at the same term at which it is rendered.

That such remedy ought to and does exist no one can deny. That a court invested with specific statutory power to vacate a judgment after the term of rendition, is powerless to exercise that function at the same term when it is shown that the judgment is wrong, is not only an absurdity, but in many cases might work injustice and injury.

At common law the court is endowed with the power of control over its own orders and judgments during the term at which they are rendered, and the power to vacate or modify them in its discretion.

This doctrine, recognized and applied in *Huntington* v. *Finch*, 3 O. S., 445, and in earlier cases, has been reiterated and re-

affirmed in *Bank* v. *Doty,* 9 O. S., 505; *Niles* v. *Parks,* 49 O. S., 370; *Huber Mfg. Co.* v. *Sweeny,* 57 O. S., 169, and other decisions of our Supreme Court, and is the settled law of Ohio.

. The code of civil procedure nowhere abrogates this rule of law. While undoubtedly specific provisions of the code relating to the remedy must prevail over the common law practice, yet where the code is silent as to the method to be employed to secure a remedial right which exists at common law, the right is not thereby lost, nor can it for that reason be denied. When the code was adopted in 1853 its very first provision was this preamble:

"The rule of the common law, that statutes in derogation thereof, are to be strictly construed, has no application to this code. Its provisions and all proceedings under it, shall be liberally construed, *with a view to promote its object and assist the parties in* obtaining justice."

This declaration is embodied in Section 10214, General Code. This inherent and plenary power of the court thus affords the remedy, and as I hold, the only remedy for the vacation of a judgment at the same term of its rendition. It is not an unlimited power, but has certain restrictions and limitations. The common law limitation is, that it may be only resorted to in the exercise of a sound discretion.

To my mind there are statutory restrictions alike applicable to a proceeding such as this. Chapter 6 of Division 4 by its general title, "Other relief after judgment," and by the subject-matter of certain of its sections as well, indicates that these sections which are not restricted to proceedings after the term, should have general application to all proceedings to vacate. Consequently the court in this action has no power to vacate the judgment until it is adjudged that there is a valid defense to the action, as provided in Section 11637.

The question next arising is: For what reasons or upon what grounds may the court vacate its judgment at the same term? Since any of the grounds specified for vacation after the term, if they exist at all, must have had their inception at or before the time of the rendition of the judgment, no reason is prescribed

why if good after the term, they are not equally good at the same term at which they come into being.

I therefore hold that either of the grounds set forth in Section 11631 which are warranted by the facts of the particular case, may be resorted to. And in addition to these any other reason or ground, dictated by a sound discretion, may afford the basis for the action.

This is especially decided in *Manguno, etc., Co.* v. *Clymouth,* 19 C. C., 237.

Next, how should the exercise of this power be invoked? That the court in a proper case may exercise it *sua sponte,* subject to the restrictions hereinbefore stated, I have no doubt. If *a party* seeks to avail himself of the remedy, he may properly do so by motion under favor of Section 11370, General Code. And in a proceeding at the same term, this is the only appropriate method. The filing of a petition in such case is unnecessary and improper, even though the grounds relied on are embraced in the reference made in Section 11635. This for the reason that the plaintiff is constructively in court when he obtains his judgment and remains there throughout the term, while his judgment is subject to vacation or modification by the exercise of this common law power; hence the process of summons is unnecessary to bring him in, and only the usual notice is necessary which is provided to be given of intended action in a pending cause.

Another point as to which there is contrariety of opinion is, as to the nature of the showing to be made upon the hearing of the motion. Some take the view as did counsel in this case that upon the hearing of the motion, it is necessary to produce evidence in some form as to the validity of the defense, and here we have affidavits from both sides pertaining to the merits of a case which either party may of right demand shall be submitted to a jury for determination. This showing upon the merits upon presentation of the motion is unnecessary and improper, because the court at that time is not called upon to pass upon the merits of the defense; this is distinctly and pointedly held in *Watson* v. *Paine,* 25 O. S., 340, and repeated in numerous decisions following.

The only question to be preliminary tried is whether or not grounds for vacation exist. The proof thereof may be made by affidavit or oral evidence or both, and may be controverted in like manner. Whereupon if ground for vacation is found to exist, issues are to be made up in the regular way on which the validity of the defense is to be determined. The better practice as I regard it, is to require the defendant moving for vacation to proffer with his motion an answer duly verified, setting forth his defense, which answer should be not merely a general denial of the petition, but should aver facts showing non-liability. This method seems to be countenanced at least in *Lee* v. *Benedict,* 82 O. S., 302, 2d syllabus.

Summarizing and putting in practical form the course of procedure to be pursued in the vacation of a judgment at the same term of its rendition, it should be as follows:

1st. The defendant complaining should file his motion in the original action setting forth the grounds upon which the vacation is asked, which may be (*a*) one or more of the grounds specified in Section 11631, General Code; (*b*) any other or different grounds which he conceives to be sufficient to warrant the action invoked. Whereupon he should give reasonable notice in writing to the plaintiff of such filing and of the time and place a hearing will be demanded.

2d. Upon the preliminary hearing, the defendant should present his evidence in support of the grounds to vacate, either by affidavit or orally or both, which the plaintiff may controvert in either manner. At the same time the defendant should proffer a verified answer to the petition setting forth affirmatively facts showing non-liability in whole or in part.

3d. If the answer proffered does not state facts which if established, would constitute a defense to plaintiff's claim, the proceeding ends and the judgment will not be disturbed. If the answer does state a good defense, and if the court upon hearing find sufficient grounds for vacating the judgment, an order should be entered finding that certain grounds exist for vacating the judgment, but without entering an order of vacation. The order should suspend the judgment, and if necessary may include

the injunction provided for by Section 11638, General Code. The order should further provide for making up the issues in the usual manner.

4th. After the issues are made up, the cause stands for trial in the regular way. If it be a jury issue it will be tried to the jury; if a court issue to the court. Either issue is tried in the same manner as an original action, and as though no judgment had been previously rendered. If the trial results in a verdict or finding in favor of the defendant which withstands a motion for new trial if one be filed, then and not till then, will the original judgment be vacated, and a proper judgment be entered conforming to the verdict or finding of such trial.

If the trial result in a verdict or finding for plaintiff, the same as the original judgment, that judgment will stand and a proper order should be entered confirming it. If for a different amount, an order should be entered modifying the original judgment accordingly.

Applying these rules, we come now to consider the facts: The ground relied upon by defendants in this motion, viz., that judgment was taken for more than was due, would involve an inquiry into the merits. This I do not think is competent in the preliminary hearing in any proceeding of this character. In this case that question would be for a jury. In my opinion this fact is to be determined from an inspection and computation of the note, and that the court may not proceed to inquire whether the note should be reduced or extinguished by counter-claim, payment or impeachment. This ground is provided as a safeguard against fraud, collusion or mistake on the part of the attorney in fact, who may be and generally is a stranger to the maker, having no interest in his protection. This is the only apparent reason why this ground is by statute restricted to cognovit notes. If it contemplated an inquiry into the merits in the case of a cognovit judgment, it is difficult if not impossible to see why the same remedy should be denied in the case of other judgments.

An inspection and computation of the note upon which judgment was taken discloses that the judgment is not entered for

more than is apparently due thereon. Therefore relief on this ground is denied. It is shown by an affidavit in the case, uncontroverted, that the defendant, Samuel Herringshaw, was at the time of executing the note and warrant of attorney, and he still is an infant. And it was further shown that this minor was in fact the principal, and the other defendants were accommodation makers or sureties. These facts were urged upon the hearing as a reason why the judgment should be opened up. The note is a joint one, and is not joint and several. The warrant of attorney to confess judgment likewise only authorizes the confession of a joint judgment against all three of the makers. The principal being under the disability of infancy, had no legal capacity to authorize confession of judgment against himself. The confession was as to him either void or voidable; if the latter, he has by his present action disaffirmed it. Eliminating him, we have a judgment confessed which to the extent it is legal and effective, the attorney in fact was not authorized to make.

The rule is well established that warrants of attorney to confess judgment must be strictly construed. See *Cushman* v. *Welch,* 19 O. S., 536; *Spence* v. *Emerine,* 46 O. S., 433.

It has been held that a principal on a note, joint in form, can not complain because a judgment has been taken against him alone, omitting his sureties. It would seem, however, that sureties may, so as to save to them the rights of reimbursement and contribution so far as they may be worked out in the original action.

It was contended by plaintiff's counsel in argument that under the negotiable instrument act, there is no recognition of the relation of surety to a note, because Section 8296, General Code, provides that all persons who sign the instrument on its face as makers are primarily liable. I do not agree with this contention. By Section 8134 they are denominated "accommodation makers," and I apprehend the right to be certified as surety in a judgment on the note is still preserved.

It seems to me that this irregularity in the confession of judgment authorizes the court in the exercise of its discretion to permit the judgment to be opened up. The defendants have sub-

mitted an answer duly verified which states a complete defense to the note in the hands of the endorsee. The affidavits filed relating to the merits (which as I have said were unnecessary at this stage), however, indicate that it is doubtful whether the defense can be maintained against the present holder. It further appears from the record that soon after the rendition of the judgment, proceedings in aid of execution were begun, and a satisfactory showing was made upon which an order was granted to reach personal property which it is alleged one of the defendants refused to disclose or submit to execution.

Inasmuch as no lien has attached to such personal property, which could be preserved under the statute, the right of the plaintiff to enforce his judgment is valid, ought not to be jeopardized, and consequently the judgment ought not to be opened up, unless it be upon terms which will afford reasonable protection to the plaintiff.

The right to impose terms in a case like this has been upheld by our circuit court in *Brenzinger* v. *Bank*, 19 C. C., 536.

Therefore the conclusion and order is, that if the defendants within ten days, give bond in the sum of $2,150 with sureties to the approval of the clerk for the use and benefit of plaintiff, conditioned for the payment of the original judgment or any modification thereof as finally determined, an order will then be entered finding that ground exists for vacating the judgment, and providing for making up the issues and trial on the merits. If the defendants fail to give such bond within the time named, the motion will be overruled and the application denied.

Defendants include in the motion a request that the original payee in the note, McCracken, be made a party defendant. He is neither a necessary nor proper party. This motion is overruled.